IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEVEN GROVER, | § § § | |
| Plaintiff, | § § | SA-18-CV-00850-FB-ESC |
| vs. | § § | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | § § § § | |
| Defendants. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff Steven Grover's ("Grover") Motion for Leave to File Second Amended Complaint and Motion to Remand to State Court [#17]. On September 7, 2018, the Honorable Fred Biery referred all pre-trial proceedings in this case to the undersigned for disposition pursuant to Rule 72 of the Federal Rules of Civil Procedure and Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas [#5]. The undersigned has authority to enter this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Motion for Leave to File Second Amended Complaint be **GRANTED** and that Plaintiff's Motion to Remand to State Court be **DENIED.**

### I. Factual and Procedural Background

This is an underinsured-motorist case. On May 29, 2016, Plaintiff Steven Grover ("Grover") was involved in a two-vehicle accident at an intersection in Marion County, Indiana.

1

(First Am. Pet.[1] at ¶ 12.) Grover claims that he has suffered, and continues to suffer, serious bodily injuries as a result of the accident. (*Id.*) Grover subsequently filed a claim for $300,000 in underinsured-motorist benefits pursuant to his insurance policy with Defendant Government Employees Insurance Company ("GEICO"). (*Id.* at ¶¶ 14–17.) However, GEICO has allegedly refused to pay Grover's claim. (*Id.* at ¶ 17.) Grover also contends that underinsured-motorist coverage under a policy issued by Defendant Philadelphia Indemnity Insurance Company ("Philadelphia") is implicated by the collision. (*Id.* at ¶¶ 13, 18–19.)

On October 6, 2017, Grover filed a complaint against GEICO in the 438th Civil District Court of Bexar County, Texas. On July 11, 2018, Grover filed a first amended petition, which added Philadelphia as a defendant and is the live pleading in this case. The First Amended Petition seeks a declaratory judgment regarding the scope of coverage under the two insurance policies. (*Id.* at ¶¶ 3–4.) Grover served Philadelphia through its registered agent on July 18, 2018, and Philadelphia timely filed its Notice of Removal [#1] in this Court on August 16, 2018, invoking the Court's diversity jurisdiction. GEICO consented to the removal. (Notice of Removal at ¶ 2.4; Consent to Removal[2] at ¶ 1.)

On February 5, 2019, Grover filed a Motion for Leave to File Second Amended Complaint and Motion to Remand to State Court [#17]. GEICO filed a response [#21]. The Court held a hearing on the motion on April 24, 2019, at which Grover and GEICO were present and represented through counsel.

---

[1] Plaintiff's First Amended Petition for Declaratory Relief and Request for Discovery is attached as part of Exhibit 2 to Defendant Philadelphia Indemnity Insurance Company's Notice of Removal [#1].

[2] Defendant Government Employees Insurance Company's Notice of Consent to Removal is attached as Exhibit 5 to Defendant Philadelphia Indemnity Insurance Company's Notice of removal [#1].

## II. Plaintiff's Motion for Leave to File Second Amended Complaint

Plaintiff's Motion for Leave to File Second Amended Complaint should be granted. Grover states that he has reached a settlement with Philadelphia and signed a full and final release of claims against the insurance company. Thus, Grover seeks leave to file a second amended complaint to drop Philadelphia as a defendant in this case. GEICO initially opposed the motion. However, the parties subsequently filed a stipulation of partial dismissal in which they agreed to the dismissal of Grover's claims against Philadelphia [#24], and Philadelphia has since been dismissed from the case. Furthermore, at the hearing, GEICO clarified on the record that it did not oppose the motion for leave to file an amended pleading that drops the allegations and claims against Philadelphia, but that it was opposing Grover's motion to remand. Therefore, Plaintiff's Motion for Leave to File Second Amended Complaint should be granted as unopposed.

## III. Plaintiff's Motion to Remand to State Court

Grover's Motion to Remand to State Court should be denied. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c); *see also Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 787 (5th Cir. 1993) (noting that § 1447(c) "requires remand *on any ground other than lack of subject matter jurisdiction* to be sought within 30 days of the filing of a notice of removal") (quoting *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991)) (internal quotation marks omitted). Philadelphia's Notice of Removal was filed on August 16, 2018, and Grover's Motion to Remand to State Court was filed on February 5, 2019. Thus, Grover has waived any non-jurisdictional grounds for

remand existing at the time of removal by not moving to remand within thirty days of the notice of removal.

Grover argues that removal was improper because GEICO did not file its own notice of removal. Grover does not contest that Philadelphia timely removed, or that GEICO timely consented to Philadelphia's removal. Thus, contrary to Grover's assertions, this case was removed in compliance with the governing statutes.[3] But even if there were something improper in the manner in which this case was removed, that would be a procedural defect and not a challenge to subject-matter jurisdiction. Grover conceded as much at the hearing. Grover also conceded that subject-matter jurisdiction—more specifically, diversity jurisdiction—existed at the time of removal.

Accordingly, because Grover filed his Motion to Remand to State Court more than thirty days after removal, and because the alleged ground for remand is non-jurisdictional, the motion is untimely. Grover's Motion to Remand to State Court should, therefore, be denied.

## IV. Conclusion and Recommendations

Having considered the motion and response thereto, the arguments made at the hearing, the applicable legal authorities, and the entire record, the undersigned recommends that Plaintiff's Motion for Leave to File Second Amended Complaint be **GRANTED** and that Plaintiff's Motion to Remand to State Court be **DENIED.**

---

[3] "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(2)(A). "This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant . . . that it has actually consented to such action." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). Philadelphia's Notice of Removal states that "Defendant Government Employees Insurance Company consents to the removal." (Notice of Removal at ¶ 2.4.) GEICO also filed a notice of consent to removal. Hence, while GEICO did not file its own notice of removal, it did file a writing reflecting its consent to the removal, which is all that is required.

## V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within fourteen (14) days after being served with a copy of same, unless this time period is modified by the district court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a de novo determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of April, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE