IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEVEN GROVER, | § § | |
| *Plaintiff,* | § § | SA-18-CV-00850-FB |
| vs. | § § | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, PHILADELPHIA INDEMNITY INSURANCE COMPANY, | § § § § § | |
| *Defendants.* | § § | |

**<u>ORDER</u>**

Before the Court in the above-styled cause of action is Plaintiff's Opposed Motion for Leave to File Affidavits Concerning Cost and Necessity of Services under Texas Civil Practice and Remedies Code § 18.001 [#30]. By his motion, Plaintiff asks the Court for permission to file his medical and billing affidavits and corresponding records for each of his medical providers pursuant to Section 18.001 of the Texas Civil Practices and Remedies Code. Plaintiff wishes to rely on these records and affidavits to establish the reasonableness of cost and necessity of his medical care and expenses related to the motor vehicle collision underlying this suit. Defendant opposes the motion, arguing that Section 18.001 is a purely procedural provision that does not apply in federal court. The Court agrees with Plaintiff that the statute, though evidentiary, is intertwined with Plaintiff's substantive rights and therefore applies in this Court. The Court will therefore grant the motion.

Plaintiff originally filed this action in the 438th Judicial District Court for declaratory relief arising from a motor vehicle collision occurring on May 29, 2016. Defendant removed this

case to federal court on August 16, 2018 based on diversity jurisdiction. In Texas state court, a plaintiff may prove that her medical expenses were reasonable and necessary either (1) by presenting expert testimony on the issue or (2) through the submission of affidavits that comply with the requirements of Section 18.001 of the Texas Civil Practice and Remedies Code. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 886 (5th Cir. 2004); *Akpan v. United States*, No. CV H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018). Section 18.001 provides:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

Tex. Civ. Prac. & Rem. Code § 18.001(b).

Generally speaking, federal courts are to apply state substantive law and federal procedural law in diversity cases. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Federal district courts are split as to whether Section 18.001 is a procedural or substantive provision of state law for purposes of the *Erie* doctrine. *Compare Akpan*, 2018 WL 398229, at *3 (Section 18.001 is procedural rule inapplicable in federal diversity cases) *with Gorman v. ESA Mgmt., LLC*, No. CV 3:17-CV-0792-D, 2018 WL 295793, at *1–2 (N.D. Tex. Jan. 4, 2018) (Section 18.001 is substantive provision of Texas law applicable in diversity cases) (collecting cases). This split has persisted despite a characterization of Section 18.001 as "purely procedural" by the Texas Supreme Court in *Haygood v. De Escabedo*, 356 S.W.3d 390, 397–98 (Tex. 2011). *See id.*

The courts that have concluded that Section 18.001 is procedural rather than substantive emphasize that Section 18.001 sets forth procedure. The fact that Section 18.001 sets forth

2

procedure, however, is not the end of the inquiry. The Texas Supreme Court, of course, was addressing whether the statute was procedural for purposes of Texas law when it decided *Haygood* and was not engaging in the "challenging endeavor" of analyzing a given state law under *Erie*. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (describing the *Erie* inquiry). And although district courts have grappled with the issue, the Fifth Circuit has yet to answer whether Section 18.001 applies in federal diversity cases.

When undertaking an *Erie* analysis, federal courts are required to: evaluate whether the law "significantly affect[s] the result of a litigation," despite the fact that it governs procedure, *Guaranty Trust Co. v. New York*, 326 U.S. 99, 109 (1945); consider whether a state procedural rule "is bound up" with state-secured substantive rights and obligations, *Byrd v. Blue Ridge Rural Electric Cooperative, Inc.*, 356 U.S. 525, 535–38 (1958); and consider whether the decision not to apply a given state law would result in forum-shopping and "the inequitable administration of the laws," *Hanna*, 380 U.S. at 468.

Plaintiff concedes that the Texas Supreme Court has characterized Section 18.001 as procedural but argues that this procedural provision is so "bound up or intertwined" with Texas substantive law that federal courts must apply Section 18.001 to avoid an inequitable administration of the law. *See Hanna*, 380 U.S. at 468. Well-reasoned decisions from district courts in this Circuit have agreed. *See, e.g., Rahimi v. United States*, 474 F. Supp. 2d 825, 829 (N.D. Tex. 2006) ("Were the court to find that section 18.001 embodies only state procedural law, it would deprive Plaintiff of means to avoid the significantly more expensive and time-consuming alternatives to proving damages which would otherwise be available in a personal injury action brought in a Texas state court.").

Plaintiff's position is also supported by a number of Fifth Circuit decisions characterizing state laws on how damages are proven as substantive under *Erie*. In *McCaig v. Wells Fargo Bank (Texas), N.A.*, the Court held that expert testimony was not required to prove mental anguish damages in a diversity case, where state law did not require such evidence, finding that "state law governs what the plaintiff must prove and how it may be proved; federal law governs whether the evidence is sufficient to prove it." 788 F.3d 463, 482 (5th Cir. 2015) (upholding jury verdict for plaintiff and award of mental anguish damages). *See also Hamburger*, 361 F.3d at 884 ("We apply federal standards of review to assess the sufficiency or insufficiency of the evidence in relation to the verdict, but in doing so we refer to state law for the kind of evidence that must be produced to support a verdict."); *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 398 (5th Cir. 2013) ("The law governing what damages are recoverable is substantive, and therefore in a diversity case state law governs what damages are available for a given claim and the manner in which those damages must be proved."). This binding instruction from the Fifth Circuit applies to the *Erie* question here. Accordingly, the Court finds that Section 18.001, despite its procedural nature, should be applied in federal diversity actions. Plaintiff may file affidavits to establish the reasonableness and necessity of his medical care pursuant to Section 18.001 of the Texas Civil Practice and Remedies Code.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Leave to File Affidavits Concerning Cost and Necessity of Services under Texas Civil Practice and Remedies Code § 18.001 [#30] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff file any Section 18.001 affidavits by the deadline for completing discovery in this case.

**IT IS FINALLY ORDERED** that Defendants file any controverting affidavit within 30 days of the date Defendants receive a copy of the affidavit.

**IT IS SO ORDERED.**

SIGNED this 31st day of May, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE